FIREMEN'S CHARITABLE ASSOCIATION *v.* GEORGE H. BERGHAUS.

| 13 | 209 |
| 51 | 1366 |

*Where a contract belongs to a class which is reprobated by public policy it will be declared void, although in that particular instance no injury to the public may have resulted.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
  *C. D. Choiseul* and *F. J. Lugenbühl,* for plaintiff and appellant. *W. H. Hunt* and *Denegre,* for defendant.

SPOFFORD, J. The present suit is based upon a written contract made between the defendant, *Berghaus,* and *Alfred Bellanger* in his official quality as Chief Engineer of the Fire Department of New Orleans. *Berghaus* had bought a quantity of burning cotton in the Levee Cotton Press, where (at the time of the purchase made at auction at the instance of the underwriters) the Fire Department were engaged in suppressing an extensive fire. As soon as *Berghaus* had bid off the cotton, the Chief Engineer gave orders to the fireman who had hitherto been playing upon the cotton with the steam fire engine "Young America" *to take up.* *Berghaus,* apprehensive of the total destruction of his cotton, besought the Chief Engineer to countermand his orders; he promised to do so for a consideration; *Berghaus* thought the price demanded too high and went to look elsewhere for assistance; but he shortly returned and secured a resumption of the services of the "Young America" by entering into the following contract:

"It is agreed by this instrument that *George H. Berghaus* pays for the use of the steam fire engine, now engaged at the fire of the Levee Steam Cotton Press, twenty-five dollars per hour as long as she is engaged, the reservation to be that service ends on Monday next at 6 o'clock P. M., and also to be at the disposal of the Chief Engineer whenever he sends for her, this to be when a fire occurs, a separate arrangement to be made with the 2d Assistant Engineer who is to be left in charge of the steam engine, and the pipemen to be left in charge of the pipes; also the engineer and assistant of the steam engine to be paid twenty-five dollars per day for their services.

| | |
|---|---|
| David Bradbury, superintendent,.... | $20 p. 24 hours. |
| Henry Dawes and assistant,........ | $50 "      " |
| One fireman,..................... | $ 6 "      " |
| 12 pipemen, each, .............. | $ 6 "      " |

          (Signed)     March 8th, 1856, 2 o'clock P. M.
                              GEO. H. BERGHAUS.
                              ALFRED BELLANGER,
                                   Chief Engineer."

This contract, upon its face, is opposed to public policy, and cannot be enforced in a court of law.

The city ordinances prescribe the duties of the fire department and its officers. The department is paid for its services out of the city treasury; its officers and engines are devoted to the public in the extinguishment of fires, and cannot therefore be employed by private citizens to extinguish fires for pay. Equality and impartiality are required in the discharge of all official duties. The temptation of pecuniary interest should not be allowed to disturb the administration of a department paid by the whole public for the equal service of all.

27

FIREMEN'S ASS'N
v.
BERGHAUS.

In the present case, it was the duty of the fire department to go on in the extinguishment of the fire at the Lower Cotton Press, or it was not. If it was their duty, they were paid for it by the city, and had no right to charge *Berghaus* for doing their duty. If it was not, they had no right to make the contract sued on, and thus pervert their engines and the services of their officers and men from their true destination, which is the equal protection of New Orleans from injury by fire, to the furtherance of private speculation.

When a contract belongs to a class which is reprobated by public policy, it will be declared void, although in that particular instance no injury to the public may have resulted. The case must yield to the principle, not the principle to the case.

And no number of subsequent promises to pay can infuse vitality into a contract originally void by the policy of the law.

Judgment affirmed.